dUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREW DAVIS,

                               Plaintiff,                    **MEMORANDUM**
                                                                                **AND OPINION**
        -against-                                                  CV 16-6882 (DRH)(AYS)

ONE WORLD TECHNOLOGIES, INC., and
HOME DEPOT, INC.

                               Defendants.
----------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       This is a products liability action stemming from an injury incurred by Plaintiff, Andrew Davis ("Plaintiff"), while using an allegedly defective Ryobi Model # 651D sander (the "Ryobi Sander"), in which the sander's metal fan assembly broke apart, ejecting fragments at a high rate of speed that struck Plaintiff in the right eye, causing permanent blindness in the eye. Currently before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 37(a), to compel Defendant One World Technologies, Inc. ("Defendant" or "One World") to produce a complete copy of its "Claims in Possession Report" regarding other similar instances of consumer accidents or injuries by the Ryobi Sander, including the complete names, addresses, phone numbers and attorney information of such consumers. One World opposes the motion in its entirety. For the following reasons, Plaintiff's motion to compel is granted and One World is directed to produce a complete, unredacted copy of its Claims in Possession Report within ten (10) days of the date of this Order.

                                               BACKGROUND

      On or about August 5, 2016, Plaintiff turned on the power to the Ryobi Sander at issue herein, which he purchased from Defendant Home Depot Inc. ("Home Depot"), and which was

1

distributed by One World, when the fan assembly suddenly broke apart and was ejected from the sander, causing injury to Plaintiff's right eye that resulted in permanent blindness in the eye. (Compl., DE [1], ¶¶ 54-59; Moverman Aff. ¶ 5, DE [32], ¶ 5.) Plaintiff thereafter commenced the within action on December 13, 2016 against Ryobi Technologies, Inc., Techtronic Industries North America, Inc., One World and Home Depot, alleging defects in the design, manufacture and sale of the Ryobi Sander. Defendants answered the Complaint on February 16, 2017. (DE [7].) On May 2, 2017, the parties submitted a joint stipulation of dismissal with respect to Ryobi Technologies, Inc. and Techtronic Industries North America, Inc., and those parties were terminated as defendants by Judge Hurley on May 4, 2017. (De [18]; Electronic Order of Hurle, J., dated May 4, 2017.)

During the course of discovery herein, One World produced to Plaintiff information pertaining to other similar instances of consumer accident or injury while using the Ryobi Sander, but redacted certain items from the compiled list. (Moverman Aff. ¶¶ 8-9.) The list created by One World from their own internal database consists of approximately 220-230 similar reported incidents. (Id.; Winchester Dep., DE [32-5], at 130, 146-47.) While the list includes the individuals' last names, the city and state in which they reside, and, in some cases, a brief description concerning the incident and injury incurred, One World redacted the individuals' first names, their complete addresses and phone numbers, and any attorney's names when applicable. (Moverman Aff. ¶ 9.) Plaintiff requested that One World produce the complete, unredacted list from their database but One World refused, citing "privacy concerns" of the consumers who had contacted the company. (Id.) Since the parties were unable to resolve the discovery dispute amongst themselves, this Court directed that a formal motion be submitted. (DE [26].)

Plaintiff now moves to compel the production of the complete, unredacted list of other similar incidents compiled by One World. One World opposes the motion on two grounds: (1) the information Plaintiff seeks is neither material nor necessary to the issues before the Court; and (2) divulging the contact information Plaintiff seeks would circumvent the privacy rules set forth by the Consumer Product Safety Commission ("CPSC"), as well as One World's own privacy policy. (Vignali Aff., DE [32-6], ¶¶ 4-5.)

DISCUSSION

I. Legal Standard

Federal Rule of Civil Procedure 37 provides that "a party may move for an order compelling disclosure or discovery" if "a party fails to produce documents . . . as requested . . . ." Fed. Civ. P. 37(a)(1), (a)(3)(iv). It is well-established that "[m]otions to compel are left to the court's sound discretion." Mirra v. Jordan, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); see also Liberty Mut. Ins. Co. v. Kohler Co., No. CV 08-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Vaigasi v. Solow Mgmt. Corp., No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Further, "[t]he party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." Evans v. Calise, No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May

12, 1994); see also Mandell v. The Maxon Co., Inc., No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."); Surles v. Air France, No. 00 Civ. 5004, 2001 WL 1142231, at *2 (S.D.N.Y. Sept. 27, 2001) (refusing to permit discovery where defendant had no factual basis that requests would lead to relevant evidence).

II. Evidence of Prior Accidents

It is well-established that proof of other accidents may be admissible in products liability actions for a variety of reasons. "In an action for injury caused by a defective product, evidence of other accidents involving the same product may be introduced to prove the dangerous or hazardous nature of the product." Schmelzer v. Hilton Hotels Corp., No. 1:05-cv-10307, 2007 WL 2826628, at *2 (S.D.N.Y. Sept. 24, 2007) (citing cases). "[W]here negligence is alleged, proof of prior accidents may be admitted to show that the defendant had notice of a dangerous condition." Id. (citation omitted). In order to admit such evidence, Plaintiff must first establish its relevancy by demonstrating that the other accidents "occurred under the same or substantially similar circumstances as the accident at issue." Id. (citing cases).

As the Second Circuit has held, evidence of other accidents is "unquestionably relevant, if not central to [Plaintiff's] case." Stagl v. Delta Airlines, 52 F.3d 463, 474 (2d Cir. 1995). In reversing a district court's decision denying a plaintiff's motion to compel the production of reports of similar accidents, the Second Circuit held that the district court's denial "unduly limited" the plaintiff's ability to establish an element of her case. See id. at 474 (citing Hollander v. Am. Cyanamid Co., 895 F.2d 80, 84 (2d Cir. 1990)). In rendering its decision, the appellate court recognized that an accident record "would be directly germane to establishing the degree of risk generated" by defendant's conduct and "would also be highly relevant to

4

strengthening [plaintiff's] proof of causation." Stagl, 52 F.3d at 474 (citation omitted).  The same reasoning applies equally in the within action.

As set forth above, information is discoverable if it is relevant to any party's claims or defenses.  See Fed. R. Civ. P. 26(b)(1).  The information concerning other similar incidences of accident or injury in connection with the Ryobi Sander that Plaintiff seeks One World to produce is not only relevant but, in the words of the Second Circuit, "central" to Plaintiff's claims.  Stagl, 52 F.3d at 474.  Accordingly, Plaintiff is entitled to the information it seeks to compel unless that information is somehow privileged, which, as discussed below, the Court finds it is not.

III.  Consumer Privacy Concerns

One World argues that disclosing the contact information of other consumers that have had similar incidents involving the Ryobi Sander, as requested by Plaintiff, would violate certain privacy concerns, as regulated by the Consumer Product Safety Commission, as well as One World's own purported privacy policy.  The Court rejects both arguments.

Pursuant to Section 25(c) of the Consumer Product Safety Act (the "CPSA"), "any accident or investigation report made under [the Act] by an officer or employee of the Commission shall be made available to the public in a manner which will not identify any injured person or any person treating him, without the consent of the person so identified."  15 U.S.C. § 2074(c). One World attempts to rely on this statutory provision as grounds to withhold the information sought by Plaintiff.  However, as the plain language of the statute states, the provision only applies to those reports made pursuant to the CPSA "<u>by an officer or employee of the Commission</u>." Id. (emphasis added).  Here, One World's own Product Safety Manager, Chip Winchester, testified at his deposition that the information contained in the Claims in Possession Report was compiled by Winchester himself for One World's own internal database.

(Winchester Dep. 130-31.) There is nothing before the Court to suggest that the information Plaintiff seeks was compiled by the CPSC, or by One World at the behest of the CPSC. Nor does it appear that the information Plaintiff seeks was created as part of any investigation by any employee of the CPSC. Accordingly, the privacy concerns stated in Section 25(c) of the CPSA are not applicable here and do not prevent disclosure of One World's complete Claims in Possession Report.

Finally, in a last ditch effort to prevent disclosure, One World claims it has its own privacy policy that is the same as that of the CPSC. (Def. Mem. of Law in Opp'n 8, DE [32-10].) According to One World, it "does not routinely disclose the addresses and other contact information of consumers who have contacted it to 'complain' about one of its products without good cause – certainly, not simply because some attorney has asked for it." (Id.) However, in support of this supposed "privacy policy," One World offers nothing but the self-serving affidavit of Mr. Winchester, who claims that One World "has long held a policy of not freely disseminating . . . the addresses and other contact information of consumers who have contacted it to 'complain' about one of its products . . . ." (Winchester Aff. ¶ 9.) Not surprisingly, One World does not offer any documentary evidence of this purported longstanding privacy policy. Moreover, to the extent One World does indeed have such a privacy policy, this Court is in no way bound by it.

Mr. Winchester states in his affidavit that One World will disclose its consumer contact information for "good cause" or in the context of civil litigation, provided there is a court order. (Id.) Clearly, in certain instances, One World has disclosed its consumer contact information where warranted or directed to do so. The Court finds the within action to be one such instance in which good cause exists for One World to disclose its consumer contact information.

Based on the foregoing, Plaintiff's motion to compel is granted. Defendant One World Technologies is directed to produce its entire, unredacted Claims In Possession Report to Plaintiff's counsel within ten (10) days of the date of this Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel, appearing in this action at Docket Entry #32, is GRANTED in its entirety. Defendant One World Technologies, Inc. is directed to produce its entire, unredacted Claims in Possession Report to Plaintiff's counsel within ten (10) days of the date of this Order.

**SO ORDERED.**

Dated: October 9, 2018
       Central Islip, New York

                                      /s/ Anne Y. Shields
                                      ANNE Y. SHIELDS
                                      United States Magistrate Judge